Acosta and Saxe, JJ.
dissent in part in a memorandum by Saxe, J. as follows: Plaintiff Jenice McGinley slipped and fell on the sidewalk in front of the Church of St. Mary the Virgin Episcopal Church, located at 145 West 46th Street in Manhattan. She identified the dangerous condition as “an accumulation of leaking trash bags.” In addition to suing the church, she sued Mystic West Realty, the owner of the Rosie O’Grady’s restaurant located on the west side of the church’s property, along with Trel Restaurant Inc., the owner of another Rosie O’Grady’s restaurant at a separate location, and Apple Core Hotels, Inc. doing business as Comfort Inn, the owner of the property to the east of the church.
The hotel successfully moved for summary judgment, based on the affidavit of its director of operations, who set forth the hotel’s routine practices and asserted that the hotel’s garbage bags were not placed down the block in front of the church.
Mystic and Trel thereafter made the underlying motion for summary judgment dismissing the complaint and cross claims as against them. They argued that they owed no duty to plaintiff, since they had no interest in the property owned by the Church, and, further they did not cause or create the leaking garbage condition that was alleged to have caused plaintiffs fall. They relied on the order granting the hotel’s motion, as well as photographs of the accident location, and the affidavit of Mystic’s general manager stating that Mystic had no garbage removal duties at the church or on its sidewalk, performed no work in the area of the accident, and had never piled, stored, or otherwise disposed of its own garbage or garbage bags in the accident location. They contended that plaintiffs could not prove that they had notice, either actual or constructive, of any dangerous condition, or that they created such a condition.
Flaintiffs and the church opposed the motion, arguing that there are triable issues of fact as to defendants’ role in the placement of garbage in front of the church’s premises. The church submitted the affidavits of its rector, Reverend Stephen Gerth, and porter, Mario Martinez, who were both employed by the church before the accident.
The church porter, Mario Martinez, stated that he puts out the church’s garbage bags at 2:00 p.m. on Tuesdays and Thursdays, since the Sanitation Department picks up garbage on Mondays, Wednesdays and Fridays between 7:00 and 8:00 a.m. After the garbage pickup, the sidewalk is swept clean and kept clear of any garbage until 2:00 p.m. on the day before the *507 next pickup. Martinez also said that, in the past, he had repeatedly found that garbage from Mystic had been placed on the sidewalk in front of the church. When this happened, he stated, a church employee complained to Mystic.
Reverend Gerth stated that he learned from the church porters that over the years, Mystic has, from time to time, placed its garbage in front of the church’s property. Also, workers from Times Square Alliance, and residents from across the street, occasionally placed their garbage in front of the church. He did not know if any of the foregoing happened on the date of plaintiffs accident. He did assert, however, that the church had not placed its own garbage in front of the church that morning, because on the date of plaintiffs accident they were anticipating a scheduled visit by the church’s presiding Bishop, and wanted to ensure the premises’ best appearance.
The church argued that Mystic was more likely to be the source of a leaking garbage bag, since the church “predominantly” produced paper garbage while Mystic produced food residue, which can leak, and since Mystic had some history of placing its garbage on church property for pickup.
Finally, both plaintiffs and the church asserted a need for discovery, the church had not deposed plaintiff concerning the exact accident location, what the garbage looked like, and other facts within her exclusive knowledge. Plaintiffs asserted that discovery was needed with regard to defendants’ procedures and process for garbage removal.
The motion court denied both defendants’ motions.
Initially, summary judgment should have been granted dismissing the claims against defendant Trel Restaurant Inc., since it is undisputed that Trel had no interest in any premises near the accident location. However, summary judgment was properly denied as to Mystic.
Mario Martinez’s affidavit, which was admissible since it did not contravene CPLR 2102 (b), is sufficient to preclude a determination as a matter of law at this juncture eliminating any possibility that Mystic caused or created the leaking garbage condition that was alleged to have caused plaintiffs fall. His assertion that he had, at times, found that garbage from Mystic had been placed on the sidewalk in front of the church, may not by itself be enough to establish that Mystic created the dangerous condition, but it certainly forms a good faith basis for further inquiry into Mystic’s past conduct and procedures regarding the disposal of its garbage, and for further inquiry by the church to determine whether plaintiff might shed any further light over the exact nature of the condition she encountered.
*508 Reverend Gerth’s affidavit, while it is hearsay to the extent he repeats what the porters told him, is admissible insofar as it reports his own firsthand experience in which church porters spoke to him about Mystic employees leaving garbage on the church’s sidewalk in the past. In any event, “hearsay evidence may be considered when submitted in opposition to a summary-judgment motion, so long as it is not the only proof submitted” (Bishop v Maurer, 106 AD3d 622, 622 [1st Dept 2013]).
The affidavit by Mystic’s manager as to its use of a commercial garbage removal service, and the confirmatory letter from that company, while they weigh in Mystic’s favor, do not preclude the possibility that a restaurant employee might have placed the restaurant’s garbage on the nearby sidewalk where a municipal sanitation truck would remove it, as Martinez stated had occurred in the past. The opposing parties should have the opportunity to obtain discovery that might shed additional light on the issue.
The evidence that Times Square Alliance bags were sometimes left on the church sidewalk, or that garbage was sometimes placed there by others, merely creates a question as to whether some other nonparty may have been responsible for the claimed condition; it does not exonerate Mystic as a matter of law at this juncture.